## JOSEPH WILBAR *v.* HANNAH B SMITH & others.

Before executing his will, a testator gave notes, without consideration, to several of his children. His will, which professed to dispose of his "worldly estate," after various specific devises and bequests, contained the following clause:

"I give, bequeath and devise to my son Frederic O. Smith, my daughters Charlotte E. and Grace E. Smith, an equal proportion with Charles W. Smith, George W. Smith, James J. Smith, Ann F. Wright, Mary B. Anthony, and Catharine E. Dunbar, and Martha A. Smith.

"Each to have in the same proportion as I give in this will, together with the notes of this date, to Frederic O. Smith, Grace E. Smith, Charlotte E. Smith, and Martha A. Smith."

*Held*, 1. That this was a disposition of the residue of his estate. 2. That the notes referred to were to be deemed specific legacies to the several payees, chargeable on the residue of the property. 3. That the remainder of the residue, after payment of the notes, should go in equal shares to the ten persons named in said clause.

BILL IN EQUITY, filed by the executor of the will of Daniel Smith, and, after his resignation of the trust, prosecuted by the plaintiff as administrator *de bonis non*, seeking for instructions relating to the administration of the estate under the will, under which different and adverse claims were made by the parties in nterest. The material portions of the will are copied in the margin.*

---

* " As to my worldly estate, I hereby dispose of in the following manner:

" *First.* I give, bequeath and devise unto my beloved wife, Hannah B. Smith, all of my estate, both real and personal, after paying my just debts, funeral charges, and legacies hereafter named, to have and to hold the same during her natural life.

" *Second.* I give and bequeath to my son Charles W. Smith, four hundred dollars, to be paid out of my estate as soon as may be after the decease of my wife, Hannah B. Smith.

" *Third.* I give and bequeath to my son Francis B. Smith, my property in the territory of Kansas, consisting of real estate, provided the said Francis B Smith pay over to my executors three hundred dollars, the said gift being in full of his portion in my estate.

" *Fourth.* I give, bequeath and devise to the heirs of my son Benjamin W. Smith, one hundred and fifty dollars, payable after the decease of my wife, Hannah B. Smith; I would like to do more for them, but they are well provided for, the same to be in full for their share in my estate.

" *Fifth.* I give, bequeath and devise to my son George W. Smith, one

The answer of Frederic O. Smith, Grace E. Smith and Charlotte E. Smith, alleged, amongst other things, that the testator at the time of his decease, was possessed of property, real and personal, to the value of more than $7000, over and above the amount of his debts; that shortly before his death, desiring to dispose of his estate, he made, signed and delivered to Frederic O. Smith a note for $400, to Grace E. Smith and Charlotte E. Smith notes for $200 each, and to Martha A. Smith a note for $100, all of which were delivered and accepted solely as a testamentary gift and disposition of his estate, and to take effect only in case of his death; and that on the same day, and in further execution of his purpose to dispose of his estate, he executed his will.

The other defendants, except the testator's widow, filed no answer.

The case was heard upon the bill and answers.

---

hundred and fifty dollars, payable in the year one thousand eight hundred and sixty-five by my executors out of my estate.

" *Sixth.* I give, bequeath and devise to my son James J. Smith, one hundred dollars, to be paid out of my estate by my executors, in the year one thousand eight hundred and sixty-five.

" *Seventh.* I give, bequeath and devise to my daughter Ann F. Wright, fifty dollars, fo be paid out of my estate by my executors, in the year one thousand eight hundred and sixty-five.

" *Eighth.* I give, bequeath and devise to my daughter Mary B. Anthony, seventy-five dollars, to be paid out of my estate by my executors, in the year one thousand eight hundred and sixty-five.

" *Ninth.* I give, bequeath and devise to my daughter Catharine E. Dunbar, twenty-five dollars, to be paid out of my estate by my executors, in the year one thousand eight hundred and sixty-five.

" *Tenth.* I give, bequeath and devise to my son Frederic O. Smith, my daughters Charlotte E. and Grace E. Smith, an equal proportion with Charles W. Smith, George W. Smith, James J. Smith, Ann F. Wright, Mary B. Anthony, and Catharine E. Dunbar, and Martha A. Smith.

" Each to have in the same proportion as I give in this will, together with the notes of this date, to Frederick O. Smith, Grace E. Smith, Charlotte E. Smith, and Martha A. Smith.

" *Eleventh.* I hereby appoint Charles W. Smith and Frederic O. Smith to be my executors of this my last will and testament."

Wilbar *v.* Smith & others.

*E. Ames,* for the plaintiff.

*I. F. Redfield,* (*H. & G. E. Williams* with him,) for Frederic O. Smith, Grace E. Smith and Charlotte E. Smith, cited, to the point that the notes should be treated as legacies, *Parish* v. *Stone,* 14 Pick. 198; *Craig* v. *Craig,* 3 Barb. Ch. 76; *Chase* v. *Redding,* 13 Gray, 418; *Smith* v. *Kittridge,* 21 Verm. 238; *Holley* v. *Adams,* 16 Verm. 206; *Rankin* v. *Weguelin,* 27 Beav. 309; *Habergham* v. *Vincent,* 2 Ves. Jr. 204, 228; *Longstaff* v. *Rennison,* 1 Drewry, 28; *Tonnele* v. *Hall,* 4 Comst. 140; and, to the point that the 10th clause of the will must be treated as a disposition of the residue, 1 Jarman on Wills, (Lond. ed. 1861,) 736, and cases cited.

*C. I. Reed,* for the defendants who did not answer. The 10th clause is meaningless and nugatory, and the residue of the property, after the devises and legacies in the first nine clauses, is to be treated as intestate. Different sums were given to the different legatees. The notes referred to should not be treated as legacies. They are spoken of only to settle proportions. The words of bequest do not apply to them. This clause cannot receive the construction contended for by the other respondents, because, in that case, important words must be added, and other important words stricken out. He gives to certain of the legatees a sum, in full for their share of his estate. This shows that he did not consider that he was dividing all his property.

METCALF, J. The first clause in the testator's will gives to his wife, during her lifetime, all his real and personal estate after paying his debts, funeral charges, and the legacies named in the subsequent clauses. The eight subsequent clauses give to certain of his children and grandchildren pecuniary legacies to the amount of nine hundred and fifty dollars, and to Francis B. Smith, one of his sons, in full of his portion, the testator's real estate in Kansas. No question is made as to the meaning of these first nine clauses. The question in the case is, what are the meaning and legal effect of the tenth clause? Although that clause is confusedly and obscurely expressed, we think it is not void for uncertainty, but that we can reasonably deduce

therefrom the testator's intention.    1st. We cannot doubt that this clause was intended as a disposition of the residue of the property which was not bequeathed by the preceding clauses. The bequests in it can operate on nothing but that residue.   2d. We are of opinion that the notes mentioned in that clause, being without legal consideration, and not being gifts *mortis causa*, are to be deemed legacies to the several payees.    They can have effect in no other way.    *Parish* v. *Stone*, 14 Pick. 198    *Loring* v. *Sumner*, 23 Pick. 98.    *Longstaff* v. *Rennison*, 1 Drewry, 28. We also think these notes are specific legacies, chargeable upon the aforesaid residue of the testator's property.    3d. We are furthermore of opinion, that what may remain, after payment of the legacies given in the first nine clauses, and the specific legacies of the notes, is given, in equal shares, to Frederic O. Smith, Charlotte E. Smith, Grace E. Smith, Charles W. Smith, George W. Smith, James J. Smith, Ann F. Wright, Mary B. Anthony, Catharine E. Dunbar, and Martha A. Smith, named in said clause.

The decree of the court will therefore be, that the administrator *de bonis non* of the testator, after making provision for payment of the legacies given in the first nine clauses of the testator's will, appropriate the residue of the estate to the payment of the legacies given by the tenth clause, in manner following, namely, that out of said residue he pay the notes mentioned in said clause, as specific legacies chargeable upon said residue; and that he pay the remaining balance of said residue, in equal shares, to the ten persons who are therein named as legatees thereof " in equal proportions."